UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE CONN'S, INC. SECURITIES LITIGATION | § § § § § § § § | Master File No. 4:14-cv-0548<br><br>Judge Keith P. Ellison |
| ERIC PITTEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>CONN'S, INC., THEODORE M. WRIGHT, BRIAN E. TAYLOR, and MICHAEL J. POPPE,<br><br>Defendants | § § § § § § § § § § § § § | Civil Action No. 4:14-cv-3548<br><br>Judge Lynn N. Hughes |
| MARTIN K. INDIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>CONN'S, INC., THEODORE M. WRIGHT, BRIAN E. TAYLOR, and MICHAEL J. POPPE,<br><br>Defendants | § § § § § § § § § § § § § | Civil Action No. 4:14-cv-3660<br><br>Judge Lee H. Rosenthal |

**CONSOLIDATED CONN'S SECURITIES CLASS ACTION LEAD PLAINTIFFS' OPPOSITION TO THE LEAD PLAINTIFF MOTIONS FILED BY CALVIN MONFORT AND MARTIN INDIK**

Laborers Pension Trust Fund-Detroit and Vicinity, Connecticut Carpenters Benefit Funds, St. Paul Teachers' Retirement Fund Association, and Universal Investment Gesellschaft m.b.H. (collectively, "Lead Plaintiffs"), Court-appointed Lead Plaintiffs in the Conn's Consolidated Action (No. 4:14-cv-0548), submit this opposition to the lead plaintiff motions of Calvin Monfort and Martin Indik filed in *Pittel v. Conn's, Inc., et al.*, No. 4:14-cv-3548 (S.D. Tex.).  ECF Nos. 8, 11.

## I.  A MOTION TO CONSOLIDATE IS PENDING

Currently pending before Judge Ellison is a Motion to Consolidate the Pittel action and Indik action[1] into the Conn's Consolidated Action.  *See* No. 4:14-cv-0548, ECF No. 64 (Motion to Consolidate); No. 4:14-cv-3548, ECF No. 10 (Lead Plaintiffs' Notice filed in Pittel action).  The Motion to Consolidate and Lead Plaintiffs' Notice demonstrate why consolidation is appropriate here.

The Pittel and Indik complaints involve common questions of both law and fact and arise from the same set of core operative facts as those alleged by Lead Plaintiffs in the Second Amended Complaint ("SAC") on file in the Consolidated Action.  No. 14-cv-0548, ECF Nos. 56, 64, 67.[2]  The Pittel and Indik actions allege no distinct factual or legal claims and seek only to extend the class period alleged in the SAC by a mere three months.  The Consolidated Action alleges a Class Period of April 3, 2013, through and including August 29, 2014.  No. 14-cv-0548, ECF No. 56.  The Pittel and Indik actions allege a stub class period that begins September 2,

---

[1]  *See Indik v. Conn's, Inc., et al.,* No. 4:14-cv-3660 (S.D. Tex.) ("Indik" action).

[2]  Thus, the Indik and Pittel actions are "tag-along actions" under the Lead Plaintiff/Consolidation Order entered by Judge Ellison (No. 14-cv-0548, ECF No. 26).

1

2014, the very next trading day following the end of the consolidated Class Period, and runs through December 9, 2014.³

On December 11, 2014, before the Pittel and Indik actions were filed, Lead Plaintiffs filed a Notice of Recent Events to bring to the Court's attention the December 9, 2014 disclosures by Conn's that Lead Plaintiffs believe are directly related to the allegations in the SAC.  Lead Plaintiffs informed the Court that these additional disclosures could form the basis of an additional amendment to the SAC, including an extension of the class period alleged in the Consolidated Action.  No. 4:14-cv-3548, ECF No. 61.

Because the Indik and Pittel actions allege no distinct factual or legal claims, they are not entitled to a new notice period or a new lead plaintiff selection process.  There is no distinction between the SAC class members and the Indik and Pittel class members, except for the time period of their stock purchases.  In such cases, re-publication of notice of the pendency of the class action is overwhelmingly disfavored.⁴

Further, the Lead Plaintiffs, appointed by Judge Ellison on June 3, 2014, are more than capable of representing the plaintiffs in the Pittel and Indik actions.  They (i) have claims typical

---

³     Consolidation is appropriate even when different suits allege different class periods.  *See In Re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 429, 432-33 (S.D. Tex. 2010); *In Re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 438 (S.D. Tex. 2002); *Skwortz v. Crayfish Co., Ltd.,* No. 00-cv-6766, 2001 WL 1160745, at *2 n.3 (S.D.N.Y. Sept. 28, 2001); *Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 WL 728678, at *2 (S.D.N.Y. Sept. 17, 1999).

⁴     *See Thomas v. Metro. Life Ins. Co.*, No. 07-cv-121, 2007 WL 2909352, at *2 (W.D. Okla. Oct. 5, 2007) ("[C]ourts have not generally required new notice where [the extension of the class period] is the only change in the claims."); *In Re Synovis Life Techs., Inc. Sec. Litig.*, No. 04-cv-3008,  2005 WL 2063870, at *1 n.3 (D. Minn. Aug. 25, 2005) (noting "the weight of the case law" suggests no new notice is required upon extension of the class period); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, No. 05-cv-1898, 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005); *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 503 (S.D. Fla. 2003) (finding additional notice not required when the original complaint extended the class period by eleven months).

of those of the putative class including the stub-period purchasers; (ii) do not have any interests that are antagonistic to those of the putative class; and (iii) do not appear to have any unique defenses Defendants could raise against them.

In addition, Calvin Monfort and Martin Indik are individuals and their respective motions for appointment as lead plaintiff provide scant detail on their adequacy or typicality.  The Lead Plaintiffs, on the other hand, are institutional investors that have demonstrated to Judge Ellison their adequacy to serve as lead plaintiffs and their strong desire to prosecute this litigation on behalf of a class.[5]  Further, St. Paul Teachers' Retirement Fund Association, one of the Lead Plaintiffs, purchased Conn's securities during the stub class period alleged in the Pittel and Indik actions.

On February 25, 2015, Monfort and Indik filed a Stipulation re: Appointment of Lead Plaintiff and Lead Counsel proposing that both of them, together, serve as lead plaintiffs.  No. 4:14-cv-3548, ECF No. 15.  For the reasons set out herein, in the Motion to Consolidate (No. 4:14-cv-0548, ECF No. 10), and in Lead Plaintiffs' Notice (No. 4:14-cv-3548, ECF No. 10), the Court should decline to enter the Stipulation.

There is no need for the appointment of additional lead plaintiffs.  It would be inefficient to have two consolidated actions with consecutive class periods alleging nearly identical claims when the current Consolidated Action could cover all putative class members.

---

[5]     Congress sought to encourage institutional investors to assume a more prominent role in securities litigation with the enactment of the PSLRA.  *See In re Cendant Corp. Litig.,* 264 F.3d 201, 244, 264 (3d Cir. 2001) (noting that the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiffs") (quoting S. Rep. No. 104-98, at 11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690).

## II.     CONCLUSION

The Lead Plaintiffs respectfully request that the Courts defer ruling on any lead plaintiff motions and lead plaintiff stipulations in the Pittel and Indik actions pending a ruling on the Motion to Consolidate before Judge Ellison.  In the alternative, the Lead Plaintiffs request that the motions in the Pittel and Indik actions be referred to Judge Ellison for determination.


DATED:  March 2, 2015                                       Respectfully submitted,


By:   */s/ Thomas R. Ajamie*
Thomas R. Ajamie
(Texas Bar No. 00952400)
**AJAMIE LLP**
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas  77002
Telephone:   (713) 860-1600
Facsimile:    (713) 860-1699
E-mail:         tajamie@ajamie.com

*Liaison Counsel for the Conn's Lead Plaintiffs*

Deborah Clark-Weintraub
Joseph P. Guglielmo
Donald A. Broggi
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, New York  10174
Telephone:   (212) 223-6444
Facsimile:    (212) 223-6334
E-mail:         dweintraub@scott-scott.com
                    jguglielmo@scott-scott.com
                    dbroggi@scott-scott.com

John T. Jasnoch
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
707 Broadway, Suite 1000
San Diego, California  92101
Telephone:   (619) 233-4565
Facsimile:    (619) 233-0508
E-mail:         jjasnoch@scott-scott.com

James M. Hughes
David P. Abel
Christopher F. Moriarty
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina  29464
Telephone:   (843) 216-9000
Facsimile:    (843) 216-9450
E-mail:         jhughes@motleyrice.com
                    dabel@motleyrice.com
                    cmoriarty@motleyrice.com

*Lead Counsel for the Conn's Lead Plaintiffs*

Jonathan Gardner
Paul Scarlato
Christine M. Fox
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:   (212) 907-0700
Facsimile:    (212) 818-0477
E-mail:         jgardner @labaton.com
                    pscarlato@labaton.com
                    cfox@labaton.com

*Additional Counsel for the Conn's Lead Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

      I certify that on March 2, 2015, a copy of the foregoing Consolidated Conn's Securities Lead Plaintiffs' Opposition to the Lead Plaintiff Motions filed by Calvin Monfort and Martin Indik was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


                                  */s/ Thomas R. Ajamie*
                                    Thomas R. Ajamie