United States District Court
Southern District of Texas

**ENTERED**

June 28, 2018

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE CONN'S, INC. SECURITIES LITIGATION | § § § § § § | Civil Action No. 4: 14-cv-00548 (KPE) (Consolidated Action) |

**ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
APPROVING FORM AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of June 13, 2018, Laborers Pension Trust Fund – Detroit and Vicinity, Connecticut Carpenters Pension Fund and Connecticut Carpenters Annuity Fund, St. Paul Teachers' Retirement Fund Association, and Universal Investment Gesellschaft m.b.H. (collectively, "Class Representatives"), on behalf of themselves and all members of the certified Class, and Conn's, Inc. ("Conn's" or the "Company"), Theodore Wright, and Michael J. Poppe (collectively, "Defendants") entered into the Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

WHEREAS, on June 29, 2017, the Court certified a class consisting of all persons and entities who purchased or otherwise acquired Conn's publicly traded common stock and/or call options, or who sold/wrote Conn's put options, during the period from April 3, 2013 through December 9, 2014, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are Defendants and their immediate family members; the officers and directors of the Company during the Class Period and their immediate family members; any entity in which

Defendants have or had a controlling interest; and the legal representatives, heirs, successors, assigns, or affiliates of any excluded Person;[1]

WHEREAS, the Court has reviewed and considered: (i) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 28th day of June, 2018 that:

1.     **Preliminary Approval of the Settlement.**     The Court has reviewed the Stipulation and preliminarily finds the Settlement to be fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.     **Settlement Hearing.**     A hearing (the "Settlement Hearing") in accordance with Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on October 11, 2018, at 2:00 P.m. for the following purposes:   (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Plaintiffs' Claims, as provided in the Stipulation, should be provided to the Released Defendant

---

[1] Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class in accordance with the provisions of this Order and whose request for exclusion is accepted by the Court.

Parties; (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court; (d) to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for reimbursement to Class Representatives of their reasonable costs and expenses (including lost wages) directly related to their representations of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and (e) to rule upon any other matters that the Court may deem appropriate.

3.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates in this Order without further notice to members of the Class.

4.     **Notice.**  The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5.     The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed, by first-class mail, postage prepaid, no later than ten (10) business days after entry of this Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including those who are identified through Conn's transfer records.  Conn's, to the extent it has not already

done so, and no later than five (5) business days following entry of this Order, shall provide, or cause to be provided, to Class Counsel or the Claims Administrator, at no cost to Class Representatives or the Class, the Company's transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired the publicly traded common stock and call options and sold/wrote Conn's put options during the Class Period.

6.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded common stock and call options and sold/wrote Conn's put options during the Class Period as record owners but not as beneficial owners. These nominees SHALL EITHER:  (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all beneficial owners for whom they purchased or otherwise acquired the publicly traded common stock and/or call options, or sold/wrote Conn's put options during the Class Period and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all those beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all those beneficial owners to the Claims Administrator, and the Claims Administrator shall send the Notice promptly to the identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full and timely compliance with these directions, the nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims

4

Administrator with proper documentation supporting the expenses for which reimbursement is sought.

7.     Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.     The form and content of the notice program described in this Order, and the methods provided in this Order of notifying the Class of the certification of the Action as a class action and the proposed Settlement of the Action and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and Due Process; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled to notice.

10.     Class Counsel may pay from the Settlement Fund, without further approval from Defendants or the Court, Notice and Administration Expenses as provided in the Stipulation.

11.     **Proof of Claim.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the Stipulation, each claimant must take the following actions and be subject to the following conditions:

(a)      The claimant must submit a properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, to the Claims Administrator, at the address indicated in the Notice, postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) as long as the Proof of Claim is actually received before the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 13 of this Order.  Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Proofs of Claim provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.

(b)      The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed by the Stipulation:  (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documentation that is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a

6

representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained in it and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.     **Appearance.**  Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

13.     **Exclusion from the Class.**  Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as provided below. A putative Class Member wishing to request exclusion from the Class must mail the request in written form by first-class mail to the address designated in the Notice for exclusion requests, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. The request for exclusion must state the name, address, and telephone number of the Person seeking exclusion and, in the case of entities, the name and address of the appropriate contact person for the entity; must state that the Person requests to be "excluded from the Class in *In re Conn's, Inc. Securities Litigation*, Civil Action No. 4:14-cv-00548 (KPE)" and must be signed by the Person

seeking exclusion.  Persons requesting exclusion must also state, and provide documentation of, the following information requested in the Notice:  the number of shares of Conn's common stock, call options, and put options purchased, acquired, and sold during the Class Period, as well as the dates, number of shares, call options, and put options, and prices of each such purchase, acquisition, and sale.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14.     Putative Class Members whose requests for exclusion from the Class are allowed by the Court shall not be eligible to receive any payment from the Net Settlement Fund.

15.     **Objections.**  Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses.  The Court will consider a Class Member's objection only if the Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received no later than twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel:  Christopher F. Moriarty, Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464; Deborah Clark-Weintraub, Scott+Scott, Attorneys at Law, LLP, 230 Park Ave., 17th Floor, New York, NY 10169; and Defendants' Counsel: Michael C. Holmes, Vinson & Elkins LLP, 1001 Fannin Street, Suite 2500, Houston, TX 77002, and has filed the objection and supporting papers with the Clerk of the Court, United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002 no later than twenty-one (21) calendar days before the Settlement Hearing.  Any Class Member who does not make his, her, or its objection in the manner provided for in this Order and in the Notice shall be deemed to have waived the

8

objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.    **Stay.** Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, Class Representatives and all Class Members shall not institute, commence, or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

17.    **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served no later than thirty-five (35) calendar days before the date set in this Order for the Settlement Hearing. If reply papers are necessary, they must be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

18.     **Settlement Fund.** All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until the funds are disbursed pursuant to the Stipulation and/or further order of the Court.

19.     **Plan of Allocation.** Neither Defendants nor their counsel have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or Class Representatives, and these matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     **Termination.**   If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, then the Stipulation, including any amendment(s) to it, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to March 7, 2018.

21.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:   June 28  , 2018

Keith P. Ellison
UNITED STATES DISTRICT JUDGE

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| IN RE CONN'S, INC. SECURITIES LITIGATION | § Civil Action No. 4: 14-cv-00548 (KPE)<br>§ (Consolidated Action)<br>§<br>§<br>§<br>§ |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired the publicly traded common stock and/or call options of Conn's Inc. ("Conn's" or the "Company"), or sold/wrote Conn's put options, during the period from April 3, 2013 through December 9, 2014, inclusive (the "Class Period") and were damaged thereby, you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of: (i) the pendency of the above-captioned securities class action (the "Action"); (ii) the proposed settlement of the Action (the "Settlement") on the terms and conditions provided for in the Stipulation and Agreement of Settlement, dated as of _____ (the "Stipulation");[1] and (iii) the hearing to be held by the Court (the "Settlement Hearing").  At the Settlement Hearing, the Court will consider:  (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the net proceeds of the Settlement to eligible members of the Class (the "Plan of Allocation") should be approved; (iii) Class Counsel's application for attorneys' fees and expenses; and (d) certain other matters.  Please read this Notice carefully. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Class.[2]

- If approved by the Court, the Settlement will create a $22.5 million cash fund, plus any interest earned thereon, for the benefit of eligible Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs and Class Representatives Laborers Pension Trust Fund – Detroit and Vicinity ("Detroit"), Connecticut Carpenters Pension Fund and Connecticut Carpenters Annuity Fund ("Connecticut"), St. Paul Teachers' Retirement Fund Association ("St. Paul"), and Universal Investment Gesellschaft m.b.H. ("Universal") (collectively, "Class

---

[1] The Stipulation can be viewed at www._____.com.
[2] All capitalized terms not otherwise defined in this Notice have the same meanings as defined in the Stipulation.

Representatives" or "Lead Plaintiffs") that have been asserted on behalf of the Class against Conn's, Theodore Wright, and Michael J. Poppe (collectively, "Defendants"); avoids the costs and risks of continuing the litigation; pays money to eligible Class Members; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR ONLINE NO LATER THAN _____, 2018** | The <u>only</u> way to be eligible to receive a payment from the Settlement Fund. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  *See* Question 13 below for details. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the Fee and Expense Application.  If you object, you will still be a member of the Class.  *See* Question 18 below for details. |
| **GO TO A HEARING ON _____, 2018 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | Ask to speak in Court about the Settlement.  If you submit an objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to Court about your objection.  *See* Questions 20 and 21 below for details. |
| **DO NOTHING** | You will not be eligible to receive a payment from the Settlement Fund, you will give up rights, and you will still be bound by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## SUMMARY OF THE NOTICE

### Statement of the Class's Recovery

1.     Class Representatives have entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve this Action in its entirety.   Subject to Court approval, Class Representatives, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $22,500,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing escrow account (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to eligible Class Members according to a Court-approved plan of allocation.  The proposed Plan of Allocation is set forth on pages __-__ below.

### Estimate of Average Amount of Recovery Per Share

2.     Based on Class Representatives' damages expert's estimate of the number of shares of Conn's common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, Class Representatives' expert estimates that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.36 per allegedly damaged share.[3]  If the Court approves the attorneys' fees and litigation expenses requested by Class Counsel (discussed below), the average recovery would be approximately $0.26 per allegedly damaged share.  **Class Members should note, however, that the foregoing average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.**  A Class Member's actual recovery will be a portion of the Net Settlement Fund, determined by comparing the Class Member's "Recognized Claim" to the total Recognized Claims of all Class Members who timely submit

---

[3] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

valid Claim Forms, as described more fully below.   An individual Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Class Member purchased or acquired Conn's common stock and/or call options, or sold/wrote put options, during the Class Period; and (iv) whether and when the Class Member sold Conn's common stock or options. *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case**

3.      The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Class Representatives were to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the prices of Conn's common stock and options were allegedly artificially inflated (or deflated in the case of put options), if at all, during the Class Period; and (iv) the extent to which external factors, such as general market, economic and industry conditions, influenced the trading prices of Conn's  common stock and options at various times during the Class Period.

4.      Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions.

**Statement of Attorneys' Fees and Expenses Sought**

5.      Class Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 20% of the Settlement Fund, which includes any accrued interest.   Class Counsel will also apply for

payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $1,500,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class. If the Court approves the Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.10 per allegedly damaged share of Conn's common stock.

**Reasons for the Settlement**

6.      For Class Representatives, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the United States Court of Appeals for the Fifth Circuit would reverse, in whole or in part, the District Court's ruling certifying the Class; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty inherent in the Parties' competing theories of liability and damages; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

7.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

8.      Class Representative and the Class are represented by Class Counsel: James M. Hughes, Esq., Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464, (800) 768-4026, www.motleyrice.com, and Deborah Clark-Weintraub, Esq., Scott+Scott Attorneys at Law LLP, 230 Park Ave., 17th Floor, New York, NY 10169, (800) 404-7770, www.scott-scott.com.

9.     Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com, or Class Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

[END OF PSLRA COVER PAGE]

**BASIC INFORMATION**

| **1. Why did I get this Notice?** |
| --- |

10.    The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired the publicly traded common stock or options of Conn's during the period from April 3, 2013 through December 9, 2014, inclusive.  **Please Note:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 10 below.**

11.    This Notice is to inform you of the existence of this Action, that it has been certified as a class action by the Court, and of how you might be affected.  It is also being sent to inform you of the terms of the proposed Settlement and of the Settlement Hearing to be held by the Court.  The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement, and about all of their options, including whether or not to object or exclude themselves from the Class, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

12.     The Court in charge of the Action is the United States District Court for the Southern District of Texas, and the case is known as *In re Conn's, Inc. Securities Litigation,* Civil Action No. 4: 14-cv-00548 (KPE).   The Action is assigned to the Honorable Keith P. Ellison, United States District Judge.

---

**2.  What is this case about?**

---

13.     This Action stems principally from Conn's allegedly false and misleading statements regarding changes to its underwriting and credit practices during the Class Period.

14.     On March 5, 2014, a securities class action complaint was filed in this Court on behalf of a putative class of investors in Conn's common stock.   Further securities class action complaints on behalf of putative classes of investors in Conn's common stock were filed in this Court on March 7, 2014, and May 5, 2014.   All three complaints alleged a putative class period of April 3, 2013, through February 19, 2014, inclusive.   On June 3, 2014, the Court entered an Order appointing Detroit, Connecticut, St. Paul, and Universal as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and consolidating the three actions and all new securities class actions into the litigation, *In re Conn's, Inc. Securities Litigation,* Civil Action No. 4:14-CV-00548.   By the same Order, the Court approved Lead Plaintiffs' selection of Motley Rice LLC and Scott+Scott Attorneys at Law LLP as Lead Counsel for the class.

15.     On July 21, 2014, Lead Plaintiffs filed the Consolidated Amended Complaint for Violations of Federal Securities Laws (the "First Amended Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.   In general, the First Amended Complaint alleges that Defendants violated the federal securities laws by making materially false and misleading statements and omitting material information concerning Conn's loosening of lending policies and underwriting

standards, contrary to assurances to investors, which exposed the Company to high amounts of bad debt and increased collections risks.

16.     On September 4, 2014, Defendants filed a motion to dismiss the First Amended Complaint.  On October 1, 2014, Lead Plaintiffs filed a Motion to File a Second Consolidated Amended Complaint for Violations of Federal Securities Laws, to expand the end date of the Class Period from February 19, 2014, to August 29, 2014, to account for factual developments since the filing on the First Amended Complaint.  The Court granted Lead Plaintiffs' motion on October 15, 2014 and Lead Plaintiffs filed the Second Consolidated Amended Complaint for Violations of Federal Securities Laws ("Second Amended Complaint") on October 29, 2014.

17.     On December 15, 2014, Defendants filed a motion to dismiss the Second Amended Complaint, which Lead Plaintiffs opposed.

18.     On December 12, 2014, Eric Pittel ("Pittel") filed a complaint against Conn's and several of its officers (the "Pittel Action").  On December 22, 2014, Martin Indik ("Indik") filed a complaint against Conn's and several of its officers (the "Indik Action").  Both actions contained substantive allegations similar to those in the Second Amended Complaint, but alleged a Class Period ending December 9, 2014.  On December 23, 2014, Lead Plaintiffs moved to consolidate the Pittel Action and the Indik Action into this Action, and the Court granted the motion on March 31, 2015.

19.     On April 10, 2015, Lead Plaintiffs filed a Third Amended Complaint for Violations of Federal Securities Laws (the "Third Amended Complaint") that extended the Class Period through December 9, 2014.  After the parties supplemented their briefing on Defendants' pending motion to dismiss, the Court heard oral argument and, on June 30, 2015, gave Lead Plaintiffs 21 days to file a further amended complaint.

20.     On July 21, 2015, Lead Plaintiffs filed the Fourth Consolidated Amended Complaint for Violations of Federal Securities Laws ("Fourth Amended Complaint"), and Defendants again moved to dismiss the action.  The Court heard oral argument on March 25 and 29, 2016, and on May 5, 2016, the Court entered an Order that granted in part and denied in part Defendants' motion to dismiss the Fourth Amended Complaint.

21.     The Parties then engaged in significant document and deposition discovery concerning both class certification and merits issues.  On November 10, 2016, Lead Plaintiffs filed their motion for class certification, which Defendants opposed.  The Court heard oral argument on the matter on June 29, 2017, and granted Lead Plaintiffs' motion the next day. Defendants sought leave to appeal the Court's decision to grant Lead Plaintiffs' motion for class certification under Rule 23(f), which was granted by the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") on August 21, 2017.  Briefing on the merits of this appeal was completed in December, 2017, and the Fifth Circuit scheduled oral argument for May 2, 2018.

22.     During the prosecution of the litigation, the Parties engaged in various efforts to settle the Action, including face-to-face meetings and other communications among counsel.  In 2017, the Parties engaged an experienced and well-respected mediator, Robert A. Meyer, Esq., to assist them in exploring a potential negotiated resolution of the Action.  Following an exchange of mediation statements and exhibits, the Parties met with Mr. Meyer on May 3, 2017 in an attempt to reach a settlement in a full-day mediation.  The mediation session did not result in an agreement to settle the Action.  The parties submitted additional mediation materials and met with Mr. Meyer for a second full-day mediation session on June 14, 2017.  A third full-day mediation session was held on January 23, 2018.  Following the third mediation session, Mr. Meyer continued to assist the Parties in coming to a resolution of the Action.  After numerous

communications, on February 27, 2018, Mr. Meyer made a mediator's proposal to settle the Action for $22.5 million, which was accepted by the Parties on March 7, 2018.

23.     The Parties engaged in comprehensive fact discovery, which continued during the pendency of the appeal to the Fifth Circuit.   Lead Plaintiffs reviewed and analyzed: (i) approximately 661,162 pages of documents produced by Defendants; and (ii) approximately 28,114 pages of documents produced by third-parties.   Lead Plaintiffs took nine depositions of persons with knowledge of Conn's lending practices and underwriting guidelines, including a deposition of a corporate representative of Conn's under Rule 30(b)(6).   Representatives of each of the Lead Plaintiffs sat for Rule 30(b)(6) depositions in connection with Lead Plaintiffs' motion for class certification.

24.     On _____, 2018, the Court entered the Preliminary Approval Order, authorizing that this Notice be sent to potential Class Members and scheduling the Settlement Hearing to consider whether to grant final approval to the Settlement, among other things.

| 3.  Why is this a class action? |
| --- |

25.     In a class action, one or more persons or entities (in this case, Class Representatives), sue on behalf of people and entities who have similar claims.   Together, these people and entities are a "class," and each is a "class member."   Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as individual actions.   One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.   In this Action, the Court has appointed Detroit, Connecticut, St. Paul, and Universal to serve as Class Representatives and has appointed Motley Rice LLC and Scott+Scott Attorneys at Law LLP to serve as Class Counsel.

| 4.  What are the reasons for the Settlement? |
| --- |

26.     The Court did not finally decide in favor of Class Representatives or Defendants. Instead, both sides agreed to a settlement.

27.     Class Representatives and Class Counsel believe that the claims asserted in the Action have merit.  Class Representatives and Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the Action through trial and appeals, as well as the difficulties in establishing liability.  Class Representatives and Class Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the difficulties and delays inherent in litigation.  For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that they did not make false and misleading statements in violation of the federal securities laws and that Class Representatives would not be able to establish that Defendants acted with the requisite intent.  Even assuming Class Representatives could establish liability, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Class Representatives and the Class.  In light of the Settlement and the guaranteed cash recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

28.     Defendants have denied and continue to deny any wrongdoing and deny that they have committed any act or omission giving rise to any liability or violation of law.  Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any member of the Class has suffered damages; that the prices of Conn's common stock were artificially inflated by reason of the alleged misrepresentations, omissions,

or otherwise; or that members of the Class were harmed by the conduct alleged in the Complaint. Nonetheless, Defendants have concluded that continuation of the Action would be protracted, time-consuming and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that the Settlement is in the best interests of Defendants.

## WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the Class?**

29.    To be eligible for a payment from the proceeds of the Settlement, you must be a Class Member.  The Court certified the following Class, subject to certain exceptions identified below:

> *All persons and entities who purchased or otherwise acquired Conn's publicly traded common stock and/or call options, or who sold/wrote Conn's put options, during the period from April 3, 2013 through December 9, 2014 (inclusive), and were damaged thereby.*

30.    Everyone who fits the description of the Class above is a Class Member and subject to the Settlement, unless they are excluded by definition (*see* Question 6 below) or take steps to exclude themselves (*see* Question 13 below):

**6. Are there exceptions to being included?**

31.    Yes.  There are some individuals and entities who are excluded from the Class by definition.  Excluded from the Class are Defendants and their immediate family members; the officers and directors of the Company during the Class Period and their immediate family members; any entity in which Defendants have or had a controlling interest; and the legal representatives, heirs, successors, assigns, or affiliates of any excluded Person.  Also excluded

from the Class will be any persons or entities who timely and validly seek exclusion from the Class or whose request for exclusion is accepted by the Court.

| **7.  What if I am still not sure if I am included?** |
| --- |

32.     If you are still not sure whether you are included in the Class, you can ask for free help.  You can call the Claims Administrator toll-free at (____) ____-____, send an e-mail to the Claims Administrator at _____, or write to the Claims Administrator at *In re Conn's, Inc. Securities Litigation*, c/o _____.  Or you can fill out and return the Claim Form described in Question 10, to see if you qualify.  You may also want to contact your broker.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

| **8.  What does the Settlement provide?** |
| --- |

33.     The Settlement creates a cash fund of $22.5 million that, along with any interest earned on this amount, will be distributed after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms and are found by the Court to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

| **9.  How much will my payment be?** |
| --- |

34.     If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including, among other things, how many Class Members timely send in valid Claim Forms; the amount of Conn's common stock or call options you purchased or otherwise acquired, or the amount of put options you sold, during the Class Period; the prices and dates of those purchases or acquisitions; and the prices and dates of any sales you made.

35.     You can calculate your Recognized Claim in accordance with the formulas shown below in the Plan of Allocation.   It is unlikely that you will receive a payment for all of your Recognized Claim.   *See* the Plan of Allocation of Net Settlement Fund on pages___ for more information on your Recognized Claim.

### HOW TO RECEIVE A PAYMENT: SUBMITTING A PROOF OF CLAIM FORM

| **10. How can I receive a payment?** |
|---|

36.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.   A Claim Form is included with this Notice.   If you did not receive a Claim Form, you can obtain one from the website dedicated to the Settlement: www._____.com.   You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (___) ___-_____.

37.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or submitted online no later than** _____, **2018.**

| **11. When will I receive my payment?** |
|---|

38.     The Court will hold a Settlement Hearing on _____, **2018** to decide, among other things, whether to finally approve the Settlement.   Even if the Court approves the Settlement, there may be appeals that can take time to resolve, perhaps more than a year.   It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.   Please be patient.

| 12.  What am I giving up to receive a payment or stay in the Class? |
|---|

39.     If you are a Class Member and do not timely and validly exclude yourself from the Class, you will remain in the Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."

(a)      **"Released Plaintiffs' Claims"** means any and all claims, liabilities, demands, causes of action, or lawsuits of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common, or foreign law, whether legal, statutory, equitable, or of any other type or form, and whether brought in a representative or individual capacity, that (i) were at issue in the Action; or (ii) could have been asserted by Class Representatives or any other Class Member in the Action that are based upon, arise out of, or relate to the allegations asserted in or the subject matter of the Action and the purchase of Conn's common stock during the Class Period.  Released Plaintiffs' claims do not include claims relating to the enforcement of the Settlement or claims alleged in *Hack, et al., v. Wright, et al.,* Civil Action No. 14-3442 (S.D. Tex.); *95250 Canada LTEE, et al., v. Wright, et al.,* Cause  No. 15-00521 (S.D. Tex.); or *Dohn, et al., v. Wright, et al.,* Cause No. 2015-04405 (281st Judicial Dist. Ct.).

(b)      **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors, predecessors, assigns, officers, directors, trustees, partners, partnerships, employees, attorneys, accountants, and insurers; the members of the Immediate Families, representatives, executors, administrators, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's

- 15 -

Immediate Family members; and any firm, trust, corporation, or other entity in which any Defendant has a controlling interest, in their capacities as such.

(c) **"Unknown Claims"** means any and all Released Plaintiffs' Claims that Class Representatives or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims against the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims against the Released Plaintiff Parties, which if known by him or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment or Alternate Judgment, if applicable, shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Class Representatives, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Class Representatives and Defendants shall expressly, fully, finally, and forever settle and release, and each other Class Member shall be deemed to have

- 16 -

settled and released, and upon the Effective Date and by operation of the Judgment or Alternate Judgment, if applicable, shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representatives and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

40.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

41.     Upon the "Effective Date," Defendants will also provide a release of any claims against Class Representatives and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.   The full terms of the release that Defendants will provide to Class Representatives and the Class are set forth in the Stipulation.

## EXCLUDING YOURSELF FROM THE CLASS

42.     If you do not want to be eligible to receive a payment, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own, then you must take steps to remove yourself from the Class. **Please note:** If you decide to exclude yourself from the Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods for filing suit.  Also, Defendants may terminate the Settlement

if Class Members who purchased or acquired in excess of a certain number of eligible shares of Conn's common stock seek exclusion from the Class.

---

### 13.  How do I exclude myself from the Class?

43.     To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *In re Conn's, Inc. Securities Litigation,* Civil Action No. 4:14-cv-00548 (KPE)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also state: (i) the name, address, e-mail, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person for the entity; (ii) the number of shares of Conn's common stock, call options, and put options purchased, acquired, and sold during the Class Period, as well as the date, number of shares and price per share of each such purchase, acquisitions, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  You must also submit copies of documents showing your transactions.  A request for exclusion must be submitted so that it is **received no later than _____, 2018** to:

*In re Conn's, Inc. Securities Litigation*
c/o _____
P.O. Box _____
_____

44.     Your exclusion request must comply with these requirements in order to be valid. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in this Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 14. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

45.     No.  Unless you properly exclude yourself, you will remain in the Class and you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit.

### THE LAWYERS REPRESENTING YOU

| 15. | Do I have a lawyer in this case? |
|---|---|

46.     The Court appointed the law firms of Motley Rice LLC and Scott+Scott Attorneys at Law LLP to represent all Class Members.  These lawyers are called "Class Counsel."  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 16. | How will the lawyers be paid? |
|---|---|

47.     Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Class Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than 20% of the Settlement Fund, which will include any accrued interest, for work performed by Scott+Scott, Motley Rice, Labaton Sucharow, and Ajamie LLP in this matter.  Motley Rice has a fee-sharing agreement with Sturman LLC, which has served as counsel to Universal during this Action, and which has been consented to by Universal.  Labaton Sucharow has a referral obligation to The Thornton Law Firm, which has been consented to by St. Paul.  Neither of these obligations will increase the overall fee deducted from the Settlement Fund.  S+S has no referral obligations.  Class Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of this Action

of no more than $1,500,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**17.  How do I tell the Court that I do not like something about the proposed Settlement?**

48.     If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or the Fee and Expense Application.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

49.     To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re Conn's, Inc. Securities Litigation,* Civil Case No. 4:14-cv-00548 (KPE)."  The objection must:  (i) state the name, address, telephone number, and e-mail address of the person or entity objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Class, including the number of shares of Conn's  common stock, call options, and put options purchased, acquired, and sold during the Class Period, as well as the date, number of shares, and price per share of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement,

the Plan of Allocation, and/or the Fee and Expense Application.  Your objection must be filed with the Court **no later than** _____, **2018** **and** mailed or delivered to the following counsel so that it is **received no later than** _____, **2018:**

| **Court** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of Texas<br>United States Courthouse<br>515 Rusk Street<br>Houston, TX 77002 | **Motley Rice LLC**<br>James M. Hughes, Esq.<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br><br>**Scott+Scott Attorneys at Law LLP**<br>Deborah Clark-Weintraub<br>The Helmsley Building<br>230 Park Ave<br>17th Floor<br>New York, NY 10169 | **Vinson & Elkins**<br>Michael C. Holmes, Esq. |

50.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Class Member who has not submitted a request for exclusion and who has complied with the procedures described in this Question 17 and below in Question 21 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, about their objection.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

---

**18. What is the difference between objecting and seeking exclusion?**

---

51.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself from the Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

### 19.  When and where will the Court decide whether to approve the proposed Settlement?

52.     The Court will hold the Settlement Hearing on _____, 2018 at ____ _.m., in Courtroom 3A at the United States Courthouse, 515 Rusk Street, Houston, TX 77002.

53.     At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Class Counsel for an award of attorneys' fees and payment of litigation expenses, including those of Class Representatives, is reasonable and should be approved.   The Court will take into consideration any written objections filed in accordance with the instructions in Question 17 above.  We do not know how long it will take the Court to make these decisions.

54.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel or visit the settlement website, www._____.com, beforehand to be sure that the hearing date and/or time has not changed.

### 20.  Do I have to come to the Settlement Hearing?

55.     No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 21 below **no later than** _____, **2018**.

| 21.  May I speak at the Settlement Hearing? |
|---|

56.     If you object to the Settlement or any aspect of it, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 17), **no later than _____ __, 2018,** a statement that you, or your attorney, intend to appear in "*In re Conn's, Inc. Securities Litigation,* Civil Case No. 4:14-cv-00548 (KPE)."  Persons who desire to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 17 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 21 and Question 17 above.

## IF YOU DO NOTHING

| 22.  What happens if I do nothing at all? |
|---|

57.     If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 10 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Class (*see* Question 13 above).

## GETTING MORE INFORMATION

| **23.  Are there more details about the Settlement?** |
| --- |

58.   This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, TX 77002. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

59.   You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www._____.com, where you will find answers to common questions about the Settlement, can download copies of the Stipulation or Claim Form, and can locate other information about the Settlement and whether you are eligible for a payment.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *In re Conn's, Inc. Securities Litigation,* c/o_____.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **24.  How will my claim be calculated?** |
| --- |

60.   As discussed above, the Settlement provides $22.5 million in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund

will be distributed to eligible Authorized Claimants – i.e., members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www._____.com.

      61.    The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement, because the Settlement Fund is less than the total losses alleged to be suffered by Class Members. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund. An Authorized Claimant's Recognized Claim will be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

      62.    The Plan of Allocation was developed in consultation with Class Representatives' damages expert. In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation (or deflation) in the per share prices

of Conn's common stock and options that was allegedly caused by Defendants' alleged materially false and misleading statements and omissions, adjusting those price changes for factors that were attributable to market or industry forces, and for non-fraud related Conn's-specific information.

63.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security.  In this Action, Class Representatives allege that corrective information allegedly impacting the prices of Conn's securities (referred to as a "corrective disclosure") was released to the market on September 5, 2013 (prior to market open), February 20, 2014 (prior to market open), September 2, 2014 (prior to market open), and prior to market open on December 9, 2014, which impacted the market price of Conn's securities in a statistically significant manner and removed the alleged artificial inflation (or deflation for put options) from the security prices on September 5-6, 2013, February 20, 2014, September 2, 2014, and December 9-11, 2014. Accordingly, in order to have a compensable loss in this Settlement, Conn's common stock or Conn's call options must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above and, with respect to put options, those options must have been sold (written) during the Class Period and not closed through at least one of the alleged corrective disclosures.

64.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Class Representatives, Plaintiffs' Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED CLAIMS

65.    For purposes of determining whether a claimant has a "Recognized Claim," purchases, acquisitions, and sales of eligible Conn's securities will first be matched on a First In/First Out ("FIFO") basis.  If a Class Member has more than one purchase/acquisition or sale of any eligible Conn's security during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a FIFO basis.  With respect to Conn's common stock and call options, Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Conn's put options, Class Period purchases will be matched first to close out positions open at the beginning of the Class Period, and then against put options sold (written) during the Class Period in chronological order.

66.    A "Recognized Loss Amount" and a "Recognized Gain Amount" will be calculated as set forth below for each purchase of Conn's common stock and call options and each sale of Conn's put options during the Class Period (April 3, 2013 through December 9, 2014, inclusive) that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. To the extent that the calculation of a Claimant's Recognized Gain Amount results in a negative number, that number shall be set to zero.

## COMMON STOCK CALCULATIONS

67.    For each share of Conn's publicly traded common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on March 10, 2015, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and

commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.  To the extent that the calculation of a Claimant's Recognized Gain Amount results in a negative number, that number shall be set to zero.

**For each share of Conn's publicly traded common stock purchased or otherwise acquired from April 3, 2013 through and including December 9, 2014, and:**

A.   **Sold before the opening of trading on September 5, 2013, the Recognized Loss Amount for each such share shall be zero and the Recognized Gain Amount for each such share shall be zero.**

B.   **Sold after the opening of trading on September 5, 2013, and before the close of trading on December 10, 2014:**

    a.  the Recognized Loss Amount for each such share shall be *the lesser of*:

        i.   the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

        ii.  the Out of Pocket Loss.

    b.  the Recognized Gain Amount for each such share shall be:

        i.   the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below, only for purchases made between September 5, 2013 and December 4, 2013.[4]

        ii.  zero for all other purchases.

C.   **Sold after the close of trading on December 10, 2014, and before the close of trading on March 10, 2015:**

    a. the Recognized Loss Amount for each such share shall be *the least of:*

        i.   the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

---

[4] Purchases made between September 5, 2013 and December 4, 2014 which were sold between December 5, 2013 and February 19, 2014, benefitted from an increase in the artificial inflation entering Conn's common stock, and these inflationary gains will be used to offset a Claimant's inflationary losses.

      ii.    the actual purchase/acquisition price of each such share *minus* the average closing price from December 11, 2014, up to the date of sale as set forth in **Table 2** below; or

      iii.    the Out of Pocket Loss.

    b.  the Recognized Gain Amount for each such share shall be zero.

**D.**     **Held as of the close of trading on March 10, 2015:**

    a.  the Recognized Loss Amount for each such share shall be ***the lesser of***:

      i.    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

      ii.    the actual purchase/acquisition price of each such share *minus* $20.16.[5]

    b.  the Recognized Gain Amount for each such share shall be zero.

## CALL AND PUT OPTIONS CALCULATIONS

68.    Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Conn's common stock. Throughout this Plan of Allocation, all price quotations are per share of the underlying security (i.e., 1/100 of a contract).

69.    Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series" and each series

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Conn's common stock during the "90-day look-back period," December 11, 2014 through March 10, 2015. The mean (average) closing price for Conn's common stock during this 90-day look-back period was $20.16.

represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation). Under the Plan of Allocation, the dollar artificial inflation per share (i.e., 1/100 of a contract) for each series of Conn's call options and the dollar artificial deflation per share (i.e., 1/100 of a contract) for each series of Conn's put options has been calculated by Co-Lead Plaintiffs' damages expert.

70.    Table 3, available at www.___, sets forth the dollar artificial inflation per share in Conn's call options during the Class Period. Table 4, available at www.___, sets forth the dollar artificial deflation per share in Conn's put options during the Class Period. Tables 3 and 4 list only series of Conn's options that expired on or after September 5, 2013 – the date of first alleged corrective disclosure.

71.    Transactions in Conn's options that expired before September 5, 2013 have a Recognized Loss Amount of zero and a Recognized Gain Amount of zero under the Plan of Allocation.

72.    For each Conn's call option purchased or otherwise acquired during the Class Period and sold before the close of trading on December 10, 2014, and for each Conn's put option sold (written) during the Class Period and purchased before the close of trading on December 10, 2014, an "Out of Pocket Loss" will be calculated. For Conn's call options closed through sale, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). For Conn's call options closed through exercise or expiration, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the value per option on the date of exercise or expiration.[6] For Conn's put options closed through purchase,

---

[6] The "value" of the call option on the date of exercise or expiration shall be the closing price of Conn's common stock on the date of exercise or expiration minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). For Conn's put options closed through exercise or expiration, the Out of Pocket Loss is the value per option on the date of exercise or expiration[7] minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

73.    Maximum Recovery for Options:  The Settlement proceeds available for Conn's call options purchased during the Class Period and Conn's put options sold (written) during the Class Period shall be limited to a total amount equal to 5% of the Net Settlement Fund.

**For each Conn's call option purchased or otherwise acquired from April 3, 2013 through and including December 9, 2014, and:**

A.    **Closed (through sale, exercise, or expiration) before the opening of trading on September 5, 2013, the Recognized Loss Amount for each such share shall be zero and the Recognized Gain Amount for each such share shall be zero.**

B.    **Closed (through sale, exercise, or expiration) after the opening of trading on September 5, 2013, and before the close of trading on December 10, 2014:**
a. the Recognized Loss Amount for each such share shall be *the lesser of*:

    i.    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 3** *minus* the dollar artificial inflation applicable to each such share on the date of close as set forth in **Table 3**; or

    ii.    the Out of Pocket Loss.

b.  the Recognized Gain Amount for each such share shall be:

    i.    the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 3** *minus* the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 3**, only for purchases made between September 5, 2013 and December 4, 2013.

---

[7] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Conn's common stock on the date of exercise or expiration. If this number is less than zero, the value of the put option is zero.

ii.    zero for all other purchases.

C.    **Open as of the close of trading on December 10, 2014:**

    a.    the Recognized Loss Amount for each such share shall be ***the lesser of:***

    i.    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 3**; or

    ii.    the actual purchase/acquisition price of each such share ***minus*** the closing price on December 11, 2014 (i.e., the "Holding Price") as set forth in **Table 3**.

    b.    the Recognized Gain Amount for each such share shall be zero.

**For each Conn's put option sold (written) from April 3, 2013 through and including December 9, 2014, and:**

A.    **Closed (through purchase, exercise, or expiration) before the opening of trading on September 5, 2013, the Recognized Loss Amount for each such share shall be zero and the Recognized Gain Amount for each such share shall be zero.**

B.    **Closed (through purchase, exercise, or expiration) after the opening of trading on September 5, 2013, and before the close of trading on December 10, 2014:**

    a.    the Recognized Loss Amount for each such share shall be ***the lesser of***:

    i.    the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 4** ***minus*** the dollar artificial deflation applicable to each such share on the date of close as set forth in **Table 4**; or

    ii.    the Out of Pocket Loss.

    b.    the Recognized Gain Amount for each such share shall be:

    i.    the dollar artificial deflation applicable to each such share on the date of close as set forth in **Table 4** ***minus*** the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 4**, only for put options sold (written) between September 5, 2013 and December 4, 2013.

    ii.    zero for all other put options sold (written).

C.    **Open as of the close of trading on December 10, 2014:**

    a.    the Recognized Loss Amount for each such share shall be ***the lesser of:***

      i.     the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 4**; or

     ii.     the closing price on December 11, 2014 (i.e., the "Holding Price") as set forth in **Table 4** *__minus__* the sale (writing) price.

    b.    the Recognized Gain Amount for each such share shall be zero.

## ADDITIONAL PROVISIONS

74.    The sum of a Claimant's Recognized Loss Amounts minus the sum of a Claimant's Recognized Gain Amounts will be a Claimant's "Recognized Claim". If the Claimant's Recognized Claim is zero or a negative number, the Claimant's Recognized Claim will be zero.

75.    Publicly traded Conn's common stock, Conn's call options, and Conn's put options are the only securities eligible for recovery under the Plan of Allocation. With respect to Conn's publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the Conn's common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

76.    Purchases, acquisitions, and sales of Conn's securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Conn's securities during the Class Period shall not be deemed a purchase, acquisition, or sale of these shares of Conn's securities for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Conn's securities unless (i) the donor or decedent purchased or otherwise acquired such Conn's securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Conn's securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

77.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant has an opening short position in Conn's common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

78.     If a Class Member has "written" call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option.  The date on which the call option was written is deemed to be the date of sale of the call option.  In accordance with the Plan of Allocation, the earliest Class Period purchases or acquisitions shall be matched against such short positions in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that cover such short positions will not be entitled to recovery.

79.     If a Class Member has purchased or acquired put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option.  The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, the earliest sales or dispositions of like put options during the Class Period shall be matched against such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such short positions shall not be entitled to a recovery.

80. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and an initial distribution will not be made to that Authorized Claimant.

81. Distributions to Authorized Claimants will be made after claims have been processed. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated to a non-sectarian, not-for-profit charitable organization serving the public interest designated by Class Representatives and approved by the Court.

82. Payment according to this Plan of Allocation, or such other plan as the Court may approve, will be deemed conclusive against all claimants. Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent designated by Class Counsel arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Defendants and their counsel

- 35 -

shall have no responsibility or liability whatsoever for the investment or distribution of the

Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or

payment of any claim or any actions taken (or not taken) by the Claims Administrator, the

payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in

connection therewith.

83.     Each claimant is deemed to have submitted to the jurisdiction of the United States

District Court for the Southern District of Texas, Houston Division, with respect to his, her, or its

claim.

## TABLE 1

### Conn's Common Stock Artificial Inflation
### For Purposes of Calculating Purchase and Sale Inflation

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| April 3, 2013 - September 4, 2013 | $12.35 |
| September 5, 2013 | $10.57 |
| September 6, 2013 - December 4, 2013 | $9.19 |
| December 5, 2013 - February 19, 2014 | $11.58 |
| February 20, 2014 - September 1, 2014 | $6.51 |
| September 2, 2014 - December 8, 2014 | $3.67 |
| December 9, 2014 | $0.69 |
| December 10, 2014 (Sales Only) | $0.28 |

## TABLE 2

### Conn's Closing Price and Average Closing Price
### December 11, 2014 – March 10, 2015

| Date | Closing Price | Average Closing Price Between December 11, 2014 and Date Shown | | Date | Closing Price | Average Closing Price Between December 11, 2014 and Date Shown |
|---|---|---|---|---|---|---|
| 12/11/2014 | $17.09 | $17.09 | | 1/27/2015 | $16.24 | $17.22 |
| 12/12/2014 | $17.44 | $17.27 | | 1/28/2015 | $15.55 | $17.17 |
| 12/15/2014 | $15.78 | $16.77 | | 1/29/2015 | $15.82 | $17.13 |

| Date | Closing Price | Average Closing Price Between December 11, 2014 and Date Shown | Date | Closing Price | Average Closing Price Between December 11, 2014 and Date Shown |
|---|---|---|---|---|---|
| 12/16/2014 | $14.15 | $16.12 | 1/30/2015 | $15.74 | $17.09 |
| 12/17/2014 | $16.09 | $16.11 | 2/2/2015 | $15.73 | $17.05 |
| 12/18/2014 | $16.80 | $16.23 | 2/3/2015 | $16.52 | $17.03 |
| 12/19/2014 | $16.64 | $16.28 | 2/4/2015 | $16.65 | $17.02 |
| 12/22/2014 | $16.94 | $16.37 | 2/5/2015 | $20.72 | $17.12 |
| 12/23/2014 | $17.00 | $16.44 | 2/6/2015 | $22.49 | $17.26 |
| 12/24/2014 | $18.23 | $16.62 | 2/9/2015 | $24.39 | $17.44 |
| 12/26/2014 | $18.09 | $16.75 | 2/10/2015 | $25.11 | $17.62 |
| 12/29/2014 | $18.35 | $16.88 | 2/11/2015 | $24.88 | $17.80 |
| 12/30/2014 | $18.25 | $16.99 | 2/12/2015 | $24.76 | $17.96 |
| 12/31/2014 | $18.69 | $17.11 | 2/13/2015 | $24.69 | $18.11 |
| 1/2/2015 | $18.79 | $17.22 | 2/17/2015 | $25.26 | $18.27 |
| 1/5/2015 | $18.40 | $17.30 | 2/18/2015 | $25.30 | $18.42 |
| 1/6/2015 | $17.38 | $17.30 | 2/19/2015 | $25.67 | $18.58 |
| 1/7/2015 | $18.03 | $17.34 | 2/20/2015 | $25.60 | $18.72 |
| 1/8/2015 | $18.66 | $17.41 | 2/23/2015 | $25.82 | $18.87 |
| 1/9/2015 | $18.06 | $17.44 | 2/24/2015 | $25.55 | $19.00 |
| 1/12/2015 | $18.28 | $17.48 | 2/25/2015 | $25.45 | $19.13 |
| 1/13/2015 | $18.68 | $17.54 | 2/26/2015 | $25.64 | $19.25 |
| 1/14/2015 | $18.26 | $17.57 | 2/27/2015 | $25.85 | $19.38 |
| 1/15/2015 | $17.62 | $17.57 | 3/2/2015 | $25.19 | $19.49 |
| 1/16/2015 | $17.51 | $17.57 | 3/3/2015 | $25.36 | $19.59 |
| 1/20/2015 | $15.85 | $17.50 | 3/4/2015 | $26.07 | $19.71 |
| 1/21/2015 | $15.46 | $17.43 | 3/5/2015 | $28.16 | $19.86 |
| 1/22/2015 | $15.35 | $17.35 | 3/6/2015 | $27.87 | $19.99 |
| 1/23/2015 | $16.02 | $17.31 | 3/9/2015 | $26.00 | $20.10 |
| 1/26/2015 | $15.69 | $17.25 | 3/10/2015 | $23.99 | $20.16 |

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

84.    If you purchased or otherwise acquired publicly traded Conn's common stock (ISIN: _____) or call options, or sold Conn's put options during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN**

**SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or otherwise acquired Conn's common stock or options during the Class Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re Conn's, Inc. Securities Litigation*
c/o _____
_____
_____

Dated: _____, 2018            BY ORDER OF THE UNITED STATES
                                DISTRICT COURT
                                SOUTHERN DISTRICT OF TEXAS

# Exhibit 2

*In re Conn's, Inc. Securities Litigation*
**c/o Epiq**
**P.O. Box _____**

**Toll-Free Number:  (___) ___-____**
**Email:  ____@_____.com**
**Settlement Website:  www._____.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and either mail it by first-class mail to the above address or submit it online at www. _____, **no later than _____, 2018.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | _ |
| PART II – GENERAL INSTRUCTIONS | _ |
| PART III – SCHEDULES OF TRANSACTIONS IN CONN'S PUBLICLY TRADED COMMON STOCK, CALL OPTIONS, AND PUT OPTIONS | _ |
| PART VI – RELEASE OF CLAIMS AND SIGNATURE | _ |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                                        State      Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded):

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts)          Pension Plan          Trust
Corporation                                                        Estate
IRA/401K                                                          Other _____ (please specify)

2

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read the Notice of Pendency of Class Action, Proposed Settlement, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.

2.     If you are not a class member (*see* the definition of the class on page ___ of the notice), or if you, or someone acting on your behalf, submitted a request for exclusion, DO NOT SUBMIT A CLAIM FORM.  **You may not participate in the settlement if you are not a Class Member.**  If you are not a Class Member, any claim form that is submitted for you, will not be accepted.

3.     **Submission of this Claim Form does not guarantee that you will receive a payment.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation approved by the Court.**

4.     Use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Conn's, Inc. ("Conn's") publicly traded common stock, call options, and put options.  On these schedules, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.     **Please note:**  Only Conn's publicly traded common stock and call options purchased or otherwise acquired, and put options sold or written, during the Class Period (i.e., from April 3, 2013 through December 9, 2014, inclusive) are eligible under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Conn's publicly traded common stock and call options, and purchases of put options, during the period from December 11, 2014 through March 10, 2015, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

6.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Conn's publicly traded common stock, call options, and put options set forth in the Schedules of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the required transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in Conn's common stock, call options, or put options.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.     Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal

3

entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.   All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased or otherwise acquired Conn's publicly traded common stock and/or call options, and/or sold/wrote Conn's put options, during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Conn's publicly traded common stock and/or call options, and sold/wrote Conn's put options, during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are still the beneficial owner of these shares, and the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)   expressly state the capacity in which they are acting;

(b)   identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Conn's common stock, call options, and/or call options; and

(c)   furnish herewith evidence of their authority.

10.   **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

11.   NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www._____.com or you may email the Claims Administrator's electronic filing department at ____@_____.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at ____@_____.com to inquire about your file and confirm it was received and acceptable.**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE A POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (___) ___-____.**

**PART III – SCHEDULE OF TRANSACTIONS IN
CONN'S PUBLICLY TRADED COMMON STOCK**

| **1. HOLDINGS AS OF APRIL 3, 2013** – State the total number of shares of Conn's publicly traded common stock held as of the opening of trading on April 3, 2013. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| --- | --- |

**2. PURCHASES/ACQUISITIONS FROM APRIL 3, 2013 THROUGH DECEMBER 9, 2014** – Separately list each and every purchase/acquisition (including free receipts) of Conn's publicly traded common stock from after the opening of trading on April 3, 2013 through and including the close of trading on December 9, 2014. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
| --- | --- | --- | --- | --- |
| /  / | | $ | $ | ○ |
| /  / | | $ | $ | ○ |
| /  / | | $ | $ | ○ |
| /  / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM DECEMBER 11, 2014 THROUGH MARCH 10, 2015** – State the total number of shares of Conn's publicly traded common stock purchased/acquired (including free receipts) from after the opening of trading on December 11, 2014 through and including the close of trading on March 10, 2015. If none, write "zero" or "0."[1] _____

| **4. SALES FROM APRIL 3, 2013 THROUGH MARCH 10, 2015** – Separately list each and every sale/disposition (including free deliveries) of Conn's publicly traded common stock from after the opening of trading on April 3, 2013 through and including the close of trading on March 10, 2015. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
| --- | --- |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| --- | --- | --- | --- | --- |
| /  / | | $ | $ | ○ |
| /  / | | $ | $ | ○ |

---

[1] **Please note:** Information requested with respect to your purchases/acquisitions of Conn's publicly traded common stock from after the opening of trading on December 11, 2014 through and including the close of trading on March 10, 2015 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| | | | | |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

| | |
|---|---|
| **5.  HOLDINGS AS OF MARCH 10, 2015** -- State the total number of shares of Conn's publicly traded common stock held as of the close of trading on March 10, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed<br>○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

**PART III – SCHEDULE OF TRANSACTIONS IN
CONN'S CALL OPTIONS**

| 1. **HOLDINGS AS OF APRIL 3, 2013** – State the total number of shares of Conn's call options held as of the opening of trading on April 3, 2013.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position  Enclosed<br>○ |
|---|---|---|---|---|
| 2. **PURCHASES/ACQUISITIONS FROM APRIL 3, 2013 THROUGH DECEMBER 9, 2014** – Separately list each and every purchase/acquisition (including free receipts) of Conn's call options from after the opening of trading on April 3, 2013 through and including the close of trading on December 9, 2014.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition<br>(List Chronologically)<br>(Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| 3. **PURCHASES/ACQUISITIONS FROM DECEMBER 11, 2014 THROUGH MARCH 10, 2015** – State the total number of shares of Conn's call options purchased/acquired (including free receipts) from after the opening of trading on December 11, 2014 through and including the close of trading on March 10, 2015.  If none, write "zero" or "0."[2] _____ | | | | |
| 4. **SALES FROM APRIL 3, 2013 THROUGH MARCH 10, 2015** – Separately list each and every sale/disposition (including free deliveries) of Conn's call options from after the opening of trading on April 3, 2013 through and including the close of trading on March 10, 2015.  (Must be documented.) | | | | **IF NONE, CHECK HERE**<br>○ |
| Date of Sale<br>(List Chronologically)<br>(Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

---

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of Conn's call options from after the opening of trading on December 11, 2014 through and including the close of trading on March 10, 2015 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| /      /  |        | $     | $     | ○                                      |
|-----------|--------|-------|-------|----------------------------------------|
| **5. HOLDINGS AS OF MARCH 10, 2015** – State the total number of shares of Conn's call options held as of the close of trading on March 10, 2015.  (Must be documented.)  If none, write "zero" or "0."  _____ |||| Confirm Proof of Position Enclosed ○ |
| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐<br>**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED** |||||

## PART III – SCHEDULE OF TRANSACTIONS IN
## CONN'S PUT OPTIONS

| 1. HOLDINGS AS OF APRIL 3, 2013 – State the total number of shares of Conn's put options held as of the opening of trading on April 3, 2013.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| **2. SALES FROM APRIL 3, 2013 THROUGH DECEMBER 9, 2014** – Separately list each and every sale (including free receipts) of Conn's put options from after the opening of trading on April 3, 2013 through and including the close of trading on December 9, 2014.  (Must be documented.) | | | | |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **3. SALES FROM DECEMBER 11, 2014 THROUGH MARCH 10, 2015** – State the total number of shares of Conn's put options sold/written (including free receipts) from after the opening of trading on December 11, 2014 through and including the close of trading on March 10, 2015.  If none, write "zero" or "0."[3] _____ | | | | |
| **4. PURCHASES FROM APRIL 3, 2013 THROUGH MARCH 10, 2015** – Separately list each and every purchase (including free deliveries) of Conn's put options from after the opening of trading on April 3, 2013 through and including the close of trading on March 10, 2015. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS AS OF MARCH 10, 2015** – State the total number of shares of Conn's put | | | | Confirm Proof of |

[3] **Please note**: Information requested with respect to your sales of Conn's put options from after the opening of trading on December 11, 2014 through and including the close of trading on March 10, 2015 is needed in order to balance your claim; sales during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| options held as of the close of trading on March 10, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Position Enclosed ○ |
| --- | --- |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

## PART VI – RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, trustees, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that the claimant has **not** submitted a request for exclusion from the Class;

4. that I (we) own(ed) the Conn's publicly traded common stock and/or call options and/or put options identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of Conn's publicly traded common stock and/or call options and/or sales of Conn's put options and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require; and

7. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                    Date

_____

Print your name here

_____

Signature of joint claimant, if any                                      Date

_____

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of claimant                        Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc*.  (Must provide evidence of authority to act on behalf of claimant – see paragraph __ on page ____ of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign above.  If this Claim Form is submitted on behalf of joint claimants, then both must sign.

2. Do not highlight any portion of the Claim Form or any supporting documents.

4. Attach only **copies** of supporting documentation.  Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (\_\_\_) \_\_\_-\_\_\_\_.**

7. If your address changes, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at \_\_\_\_@_____.com, or toll-free at (\_\_\_) \_\_\_-\_\_\_\_, or visit www._____.com.  Please DO NOT call Conn's or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE **POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2018**, AS FOLLOWS:

In re Conn's, Inc. Securities Litigation
c/o Epiq
P.O. Box \_\_\_\_

———————————————

www._____

It will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE CONN'S, INC. SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4: 14-cv-00548 (KPE)<br>(Consolidated Action) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:   All Persons and Entities Who Purchased or Otherwise Acquired Conn's, Inc.'s
Publicly Traded Common Stock and/or Call Options, or Who Sold/Wrote Conn's
Put Options, During the Period from April 3, 2013 through December 9, 2014,
Inclusive (the "Class Period"), and Were Damaged Thereby (the "Class").**

**PLEASE READ THIS NOTICE CAREFULLY.  IF YOU ARE A MEMBER OF THE
CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY A CLASS
ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, in accordance with Rule 23 of the Federal Rules of

Civil Procedure and an Order of the United States District Court for the Southern District of

Texas, that the above-captioned litigation (the "Action") has been certified as a class action on

behalf of the Class, except for certain persons and entities who are excluded from the Class by

definition as set forth in the full printed Notice of Pendency of Class Action, Proposed

Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Court-appointed Class Representatives Laborers

Pension Trust Fund – Detroit and Vicinity, Connecticut Carpenters Pension Fund and

Connecticut Carpenters Annuity Fund, St. Paul Teachers' Retirement Fund Association, and

Universal Investment Gesellschaft m.b.H., on behalf of themselves and the Class, and

Defendants Conn's, Inc., Theodore Wright, and Michael J. Poppe (collectively, "Defendants")

have reached a proposed settlement of the Action in the amount of $22,500,000 in cash (the

- 1 -

"Settlement Amount") that, if approved by the Court, will resolve all claims in the Action (the "Settlement").

A hearing will be held before the Honorable Keith P. Ellison of the United States District Court for the Southern District of Texas in the United States Courthouse, 515 Rusk Street, Houston, TX 77002 at __:___ ___.m. on _____ __, 2018 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated as of _____, 2018; (iii) approve the proposed Plan of Allocation for distribution of the Net Settlement Fund; and (iv) approve Class Counsel's application for an award of attorneys' fees and payment of expenses. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received the Notice and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by visiting the website dedicated to this Action, www._____.com, or by contacting the Claims Administrator at:

*In re Conn's, Inc. Securities Litigation*
Claims Administrator
c/o _____
_____
(___) ____-_____

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Class Counsel:

James M. Hughes, Esq.
Christopher F. Moriarty, Esq.
**MOTLEY RICE LLC**
28 Bridgeside Blvd.

Deborah Clark-Weintraub, Esq.
Beth Kaswan, Esq.
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

Mt. Pleasant, SC  29464                    230 Park Ave., 17th Floor
www.motleyrice.com                         New York, NY 10169
(800) 768-4026                             www.scott-scott.com
                                           (800) 404-7770

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement

Fund, you must submit a Claim Form *postmarked or online no later than* _____ \_\_,

*2018*.  If you are a Class Member and do not timely submit a valid Claim Form, you will not be

eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be

bound by all judgments or orders entered by the Court in the Action, whether favorable or

unfavorable.

If you are a Class Member and wish to exclude yourself from the Class, you must submit

a written request for exclusion in accordance with the instructions set forth in the Notice such

that it is *received no later than* _____ \_\_, *2018*.  If you properly exclude yourself from

the Class, you will not be bound by any judgments or orders entered by the Court in the Action,

whether favorable or unfavorable, and you will not be eligible to share in the distribution of the

Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class

Counsel's application for attorneys' fees and payment of expenses must be filed with the Court

and mailed to counsel for the Parties in accordance with the instructions in the Notice, such that

they are *filed and received no later than* _____ \_\_, *2018*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

**All questions about this notice, the Settlement, or your eligibility to participate in
the Settlement should be directed to the Claims Administrator or Class Counsel.**

DATED: _____, 2018      BY ORDER OF THE COURT
                                           UNITED STATES DISTRICT COURT
                                           SOUTHERN DISTRICT OF TEXAS

- 3 -