United States District Court
Southern District of Texas
**ENTERED**
October 12, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE CONN'S, INC. SECURITIES LITIGATION | § § § § § § | Civil Action No. 4: 14-cv-00548 (KPE) (Consolidated Action) |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES

This matter came before the Court for hearing on October 11, 2018 (the "Settlement Hearing") on Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses. The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement filed with the Court on June 14, 2018 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

Exhibit 3

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund, plus accrued interest, and $1,171,092.41 in payment of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. Plaintiffs' Counsel shall be paid the attorneys' fees awarded and approved expenses immediately upon entry of this Order.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

Case 4:14-cv-00548   Document 190-3   Filed in TXSD on 10/04/18   Page 3 of 4

(a) The Settlement has created a fund of $22,500,000 in cash that has been funded into escrow according to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The attorneys' fees sought by Class Counsel have been reviewed and approved as reasonable by the Class Representatives, who are institutional investors that oversaw the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to over 68,000 potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Fund and litigation expenses in an amount not to exceed $1,500,000, and there were no objections to the requested attorneys' fees and expenses;

(d) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing from Defendants.

(g) Plaintiffs' Counsel devoted over 31,000 hours with a lodestar value of $17,446,898.50 and $1,171,092.41 in litigation expenses to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Class Representative Connecticut Carpenters Pension Fund and Connecticut Carpenters Annuity Fund is hereby awarded $4,916.60 from the Settlement Fund as

reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8. Class Representative St. Paul Teachers' Retirement Fund Association is hereby awarded $2,880.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9. Class Representative Universal Investment Gesellschaft mbH is hereby awarded $22,127.46 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

11. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

13. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: October 11, 2018

Keith P. Ellison
UNITED STATES DISTRICT JUDGE

4